USCA1 Opinion

 

 October 4, 1996 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _______________ No. 96-1339 JUAN M. COFIELD, Appellant, v. JOHN O. DESMOND, TRUSTEE AND FEDERAL DEPOSIT INSURANCE CORPORATION, Appellees. _____________________ ERRATA SHEET  The opinion of this Court issued on September 26, 1996 is amended as follows: On page 2, 3rd line from the bottom, change "11" to "7"  October 1, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1339 JUAN M. COFIELD, Appellant, v. JOHN O. DESMOND, TRUSTEE AND FEDERAL DEPOSIT INSURANCE CORPORATION, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Juan M. Cofield on brief pro se. _______________ John O. Desmond on brief pro se. _______________ Kathryn R. Norcross, Ann S. Duross and Thomas L. Hindes on brief ___________________ _____________ ________________ for appellee Federal Deposit Insurance Corporation. ____________________ ____________________ Per Curiam. Appellant Juan M. Cofield appeals from __________ the district court's affirmance of a bankruptcy court order which permitted appellant to convert his chapter 7 bankruptcy case to a case under chapter 11, but then immediately reconverted the case back to chapter 7. After carefully reviewing the briefs and the record, we affirm the district court's judgment for essentially the reasons stated in its Memorandum and Order, dated January 26, 1996. We add only the following comments. 1. A notice of conversion, filed pursuant to 11 U.S.C. 706(a), is not effective on filing. Bankruptcy Rule 1017(d) provides that conversion under 706(a) "shall be on motion filed and served as required by Rule 9013." Rule 9013, in turn, states that "[a] request for an order . . . shall be by written motion." Thus, "[t]hese provisions indicate that a motion to convert pursuant to 706(a) is not ______ effective in and of itself, but rather is a request for a court order of conversion." In re Calder, 973 F.2d 862, 867 _____ ____________ (10th Cir. 1992). As a result, the bankruptcy court was correct in treating appellant's "notice" as a motion and the conversion was not effective on January 13, 1995, when it was filed. 2. Even assuming that "cause" for reconversion to chapter 7 must exist at the time a 706(a) motion is filed, such "cause" existed here. The bankruptcy court's cause -2- determination rested primarily on the futility of reorganization. The court based the futility finding on the speculative nature of the Fannie Mae lawsuit. Although the court entered these findings three months after appellant _______ filed his 706(a) notice, it plainly was determining that futility had existed as long as the Fannie Mae action had _______ been pending. That is, if funding for reorganization was dependent on the success of the lawsuit and the lawsuit had little chance of succeeding, the reorganization was futile when appellant filed the conversion notice. 3. Appellant's procedural due process arguments also fail. He first maintains that the bankruptcy court made a determination prior to holding the hearings that it would ________ deny conversion. There is simply no support in the record for this description of what happened. Second, appellant asserts that although the bankruptcy court noticed the two hearings as non-evidentiary, it took evidence at them. A reading of the transcripts from these hearings shows otherwise. The court only ordered appellant to produce certain documents at a future time. ______ 4. Appellant's arguments that the bankruptcy court's actions constituted a "taking" in violation of the Constitution and that the bankruptcy court violated the substantive due process clause were not raised below. As -3- such, they are waived. See McCoy v. Massachusetts Inst. of ___ _____ _______________________ Technology, 950 __________ -4- F.2d 13, 22 (1st Cir. 1991), cert. denied, 504 U.S. 910 _____________ (1992). Affirmed. ________ -5-